# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

RUSSELL ROBINSON,

    Petitioner,

v.

CIVIL ACTION NO.: CV208-122

DEBORAH HICKEY, Warden,
and FEDERAL BUREAU OF
PRISONS,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Russell Robinson ("Robinson"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents filed a Response, and Robinson filed a Traverse. For the reasons which follow, Robinson's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Robinson was sentenced in the District of the Virgin Islands to 160 months' imprisonment for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(A), and (b)(1)(D); conspiracy to import cocaine, in violation of 21 U.S.C. § 963; and a money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). (Gov't Ex. B). As part of the Judgment, the Honorable James T. Giles ordered that Robinson pay a $300.00 assessment and a $1,000.00 fine. Judge

Giles recommended that Robinson participate in the Inmate Financial Responsibility Program. (Id.)

In his petition, Robinson contends that he has been placed on refusal status because he has not accepted the Bureau of Prisons' ("BOP") contract to pay his assessment and fine imposed by the sentencing court. Because of his status, Robinson avers, he cannot buy stationery to exercise his access to the courts or buy food items at the commissary.

Respondents allege that Robinson failed to exhaust his administrative remedies prior to filing the instant petition, and, accordingly, Robinson's petition should be dismissed. Respondents also allege that, to the extent Robinson asserts the sentencing court improperly delegated the authority to set a payment schedule to the BOP, Robinson is challenging his sentence as a whole, and those claims must be brought pursuant to 28 U.S.C. § 2255.

## DISCUSSION AND CITATION TO AUTHORITY

Respondents contend that Robinson did not complete the BOP's Administrative Remedy Program's requirements prior to filing the instant cause of action. Respondents assert that Robinson's appeal with the Central Office was pending at the time he filed this petition and that the time for response was not due at the time.

Robinson asserts there is no exhaustion requirement under § 2241 or Rule 65 of the Federal Rules of Civil Procedure. Robinson also asserts he gave the BOP the option to correct their illegal actions, but the BOP has failed to do so.

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d

AO 72A
(Rev. 8/82)

2

1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)).

"The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Id. According to these regulations, an inmate shall attempt to resolve any issue he may have informally. 28 C.F.R. § 542.13(a). An inmate dissatisfied with the informal request resolution can file an administrative remedy request with the Warden, and the Warden has 20 days to respond. 28 C.F.R. §§ 542.14(a) and 542.15(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director. 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons (the Central Office). Id. The General Counsel's Office has 40 calendar days to respond to an inmate's appeal. 28 C.F.R. § 542.18.

Robinson filed Administrative Remedy Request Number 494656-F1 on May 16, 2008, by which he sought to have his Financial Responsibility Program refusal status removed. Robinson received a denial from the Warden on June 3, 2008. (Doc. No. 15-3, p. 32). Robinson filed an appeal of this denial on June 10, 2008, and his appeal was denied by the Regional Director on July 3, 2008. (Id. at 34). Robinson filed an appeal

AO 72A
(Rev. 8/82)

3

with the General Counsel's Office on September 23, 2008, and a response to this final appeal was due on November 2, 2008. (Id. at 38; Gov't's Ex. C, ¶ 5). Robinson filed his petition on September 15, 2008, which was before he filed an appeal with the General Counsel's Office.[1] Robinson was required to exhaust his administrative remedies prior to filing his section 2241 petition, and he failed to do so.

It is unnecessary to address the remaining assertion Respondents set forth in their Response.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Robinson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**, without prejudice, based on Robinson's failure to exhaust his administrative remedies prior to filing the instant petition.

**SO REPORTED** and **RECOMMENDED**, this 8th day of April, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] According to Respondents, Robinson was awaiting a response to his appeal from the General Counsel's Office at the time he filed his petition. Based on the evidence before the Court, however, it appears that Robinson had not filed his final appeal at the time he filed this petition.